THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JIM TRAKAS ) | CASE NO: 1:18 CV 1798 | |
| ) | | |
| PLAINTIFF ) | JUDGE:  Donald Nugent | |
| ) | | |
| vs. ) | **PLAINTIFF'S BRIEF IN REPLY TO** | |
| ) | **DEFENDANTS' OPPOSITION TO** | |
| CONSERVATIVE ALLIANCE ) | **MOTION FOR RESTRAINING ORDER** | |
| POLITICAL ACTION COMMITTEE, et al ) | **AND BRIEF IN REPLY TO MOTION** | |
| ) | **FOR SANCTIONS** | |
| DEFENDANTS ) | | |
| ) | | |

Now comes the Plaintiff, by and through the undersigned counsel, and does hereby respond to the Defendants' Motion for Sanctions, as well as submitting the attached and incorporated brief in reply to the Defendants' response to Plaintiff's Motion for a Temporary Restraining Order.  As can clearly be seen by the arguments offered, the brief of the Defendants inappropriately misdirects this Court's attention to case law which clearly is not absolute in nature.  Rather, Defendants paint this matter as one of an absolute argument when it is actually a conditional argument at best.  As such, Plaintiff respectfully prays this Court to move forward with a Hearing on his motion at the Court's earliest opportunity.

        Respectfully submitted,

        /s/ *David J. Horvath*___
        David J. Horvath  0055989
        7100 E Pleasant Valley Rd.
        Suite 110
        Independence, OH  44131
        216-986-0860
        djhorvath@hotmail.com

**SERVICE**

    A true and accurate copy of this has been served upon Christopher J. Hogan this 18th day of October, 2018 by way of email at: Hogan@litohio.com.

        /s/ *David J. Horvath*___
        David J. Horvath  0055989

**BRIEF**

**Re: Prior Restraints**

As noted in the proceeding page, the Defendants believe this is an absolute argument, and not one of condition. In reviewing the case law submitted by the Defendants, it is clear that this is not the case. Rather, there are well defined exceptions to a "prior restraint" being an "unconstitutional" remedy. A review of the pertinent case law, and the facts follows.

In support of its argument the Plaintiff cites *Pestrak v Ohio Elections Comm'n* 926 F. 2d. 53 (6th Cir. 1991) in support of its argument. What Defendants fail to advise this Court is that the holding is not one which restricts all prior restraints. Rather, this holding addresses the necessity of safeguards.

First and foremost, the challenge in *Pestrak* was one to a State Constitutional Amendment and not one pertaining to the publication of false and defamatory statements. Notwithstanding, the particular citation in *Pestrak* supporting Plaintiff's arguments is as follows:

> False speech, even political speech, does <u>not merit constitutional protection</u> if the speaker knows of the falsehood or recklessly disregards the truth. *Pestrak* at 579 (emphasis). Speech used as a tool for political ends does not automatically bring it under the protective mantle of the constitution. *Id.* The knowingly false statement and the false statement made with reckless disregard in the truth does not enjoin constitutional protection. *Id.*

The Supreme Court held that prior restraint of speech may be unconstitutional where there is lacking certain safeguards. *Id.* citing *Southeastern Promotions Ltd. v. Conrad* 420 U.S. 546, 560 (1975). In the event a litigant can provide clear and convincing evidence in regards to the falsity of statements being made, or intended to be made, there is indeed a basis for

Plaintiff's motion. Furthermore, the *Pestrak* opinion pertains to an administrative agency decision and not one that was pursued through judicial proceedings. Consequently, it is significantly distinguishable.

Herein, Mr. Trakas by way of this Complaint has offered this Court clear and convincing evidence of untrue, defamatory, and reckless statements made by the Defendants. There is also the abundance of safeguards available to Defendants by way of this Court's proposed entry. Nothing limits this Court's ability to craft the appropriate entry; and this Court may issue whatever order is appropriate to enjoin the publication of statements that are either false on their face, or made with reckless disregard as to their veracity. Consequently, reliance on this case is misplaced.

More importantly prior restraints are not, as asserted by the Defendants, unconstitutional per se. See *Southeastern Promotions Ltd. v Conrad* 420 U.S. 546 (1975) citing *Bantam Books Inc. v Sullivan* 372 U.S. 58, 70 (1963). Rather, prior restraints are only improper if they avoid the constitutional infirmity of procedural safeguards designed to obviate the dangers of censorship. *Freedman v Maryland* 380 U.S. 51, 58 (1965). So long as there are sufficient safeguards, prior restraints are not on their face unconstitutional. (*Conrad* at Pg. 549) Prior restraints may be applied when they are for a specific period and designed for the purpose of preserving the status quo. So long as there is a final judicial determination available to litigants, the constitutionality is the subject for the Court. (*Freedman* at 59)

Therefore, and conversely to the assertions of Defendants, Plaintiff is free to seek this remedy. Defendants are afforded the opportunity to be heard, and present their intentions and proposals for limitations to this Court. There is nothing improper about seeking this remedy as it is not, on its face, and as suggested by Defendants, unconstitutional.

Many of the Defendants other citations also fail for want of pertinent applicability. For instance, *Cal. Democratic Party v Lungren* 860 F. Supp. 718 (N.D. Cal. 1994) deals with an attack on a California statute which allows administrative agencies the ability to censor speech. This case has nothing to do with the willful and knowing publication of false and defamatory statements. Thus, it is of little significance to make citation thereto. The same holds true (as discussed above) for the *Pestrak* case which dealt with the effect and institution of administrative agency powers not orders of a court.

Even if we look to additional citations such as *In re Providence Journal Co.*, 820 F. 2d. 1342 (1st Cir. 1986) we find that the arguments addressed by Plaintiff hold true. This case in particular addressed the issue of reasonable restraints on speech noting that a court, not an administrative agency, is free to examine the nature of the speech and the reasonableness of the restrictions being sought by a litigant. Although there may be, as cited by the Defendants, a heavy presumption against the constitutional validity of a prior restraint (*Procter & Gamble*) there is certainly the discussion to be had whether or not reasonable restraints are available, and whether the necessity for future damage in preserving the status quo are proper issues for judicial determination. Furthermore, *Procter & Gamble* itself dealt with "pure speech" and not political speech or defamatory speech. Its ruling is therefore limited to guidance only and not as authority for determining whether or not the Plaintiff's actions are appropriate.

Defendants also rely on *Pittsburgh Press Co. v Pittsburgh Comm'n on Human Relations* 413 U.S. 376, 390 (1973). Unfortunately, this case is of little use. This case dealt with nothing more than private discrimination in regards to commercial advertising. The particular issue addressed was freedom of press not one of freedom of speech in general. A review of that

court's decision does little, if anything, to guide this court in determining the appropriateness of the relief sought, and the issuance of a properly safeguarded injunction.

**Regarding Irreparable Harm and the Appropriateness of Plaintiff's Motion**

The Defendants complain that the motion fails for absence of evidence that Mr. Trakas would suffer irreparable harm, that it was untimely in nature, and because the alleged irreparable harm has already taken place. Plaintiff would suggest that these arguments are ignorant of the Defendants' past conduct, the seriousness of the allegations, and the sensitive timing of the issue at hand: the November election.

The purpose of the motion is to initiate a hearing whereby Mr. Trakas can provide this court his testimonial evidence on how the repeated defamatory statements of Defendants have affected his chances in the November election. The hearing is to provide Mr. Trakas the opportunity to quantify this before the court in terms of poll numbers and the outcome of his several conversations with area voters. To say that the motion itself is devoid of this evidence does nothing to support Defendants' arguments that it is improper or unconstitutional. Defendant's brief may lay the framework for Defendants' arguments at a hearing. However it does not refute substantively the assertions of Plaintiff made in his motion.

A reasonable observer may also assume, given the Defendants own statement, that there is no harm to be caused by any court order restraining Defendants. On Page 7 of the brief, clearly the Defendant states it "has no plans to produce or publish acts concerning Plaintiff before next month's election". One could construe this as an admission that Defendants have no real interest in the outcome of this hearing and may even be in a position to consent to the appropriate order. It is therefore disingenuous for the Plaintiff to make the arguments contained in its brief.

In regards to the timeliness of this motion, it is quite apparent that this is the most sensitive and active period for any general election. We are merely two weeks to three weeks away from the November election. The publication of materials by Defendants, or anyone else for that matter, would not leave Mr. Trakas with adequate time to refute or otherwise to defuse the egregiously misleading and false publications about him. The damage he could suffer as a result of further dissemination of false materials is evident and reasonably appreciable. Again, a hearing on this motion will allow Plaintiff to testify as to the number of voters who have not committed to either opponent for this particular House seat. Those voters may ultimately be swayed by the publication of last-minute statements whether they be through radio, TV, or printed media. In the event Mr. Trakas loses this election, he will face irreparable harm. There is no argument to this particular effect of the communications. Consequently, there is imminent harm which is appreciable and quantifiable. The purpose of a preliminary injunction is to maintain a status quo of the parties and prevent further injury. In this case, restraint from publishing additional false and defamatory statements, which are not constitutionally protected, does nothing to harm the Defendants but can only present irreparable and immediate harm to Mr. Trakas.

Notwithstanding, Defendants suggest that the issuance of a temporary injunction would cause it irreparable harm. This is disingenuous. As noted above the Defendants have stated on Page 7 it has no intention of publishing anything pertaining to Mr. Trakas. It is axiomatic that it cannot suffer irreparable harm due to any order of this Court. It is Defendants that have failed to substantiate how a ruling would subject them to harm and not the Plaintiff. Defendants arguments are unpersuasive.

**Regarding Frivolous Conduct**

Defendants are seeking a return of its fees due to "misconduct" on behalf of Mr. Trakas. This is simply a nonsensical argument. As stated above there is no absolute prohibition against the publication of speech. Rather it is a conditional prohibition. Without seeking the remedies of an injunction, Mr. Trakas is without any ability to ward off the harm resultant from additional publications. To claim that a litigant availing himself to such a remedy is misconduct simply stretches the truth to an unsupported conclusion.

Defendants also make an issue as to the breath of the relief sought. In his motion Mr. Trakas has asked the Court to restrain all further communications or publications. Although Defendants may have an argument in regards to the restraint of truthful speech, Mr. Trakas has done nothing more make a prayer for relief. There is a dearth of any authority presented by Defendants on this specific delineation. Plaintiff has not sought inappropriate relief strictly by asking for an injunction. If Defendants believe the scope of the relief sought is extraordinary then Defendants can argue that at a hearing on the merits. This is hardly the type of behavior that can be considered offensive to the interest of justice or which constitute "bad faith pursuit of an injunction". It is also irrelevant that Mr. Trakas seeks to enjoin future speech as the nature of any injunction is to restrain the future acts. Using this as a basis for a finding of bad faith is illogical. There has been no abuse of litigation nor have there been any actions taken by Plaintiff which could constitute bad faith. Rather, Plaintiff is merely trying to protect whatever reputation he has left after the publication of these serious and untruthful allegations.

**Re Miscellaneous Argument**

Defendants have also made an issue of certain statements made by Mr. Trakas in regards to the backers of Defendants. Specifically his comments on :"dark money" investors. Somehow

Defendants believe this is relevant to the instant matter when it is not.  Although Mr. Trakas has the intent of obtaining the identification of certain financial backers of the campaign materials, this is only to discover the identity of potential additional parties and assess their respective liabilities.  At this juncture it is unknown who was the source of the false and defamatory statements published against Mr. Trakas.  This is a necessary part of discovery and the Defendants can post no serious objection to same.  Consequently, making an objection to this proposition, for the purposes of establishing frivolous conduct is absolutely misplaced.

**Conclusion**

As clearly set forth above, Mr. Trakas has every opportunity to present this motion to the Court, in good faith, and seek the appropriate legal redress.  This is not a situation that is absolute in nature as presented by the Defendants.  Rather this is relief that is contingent upon particular safeguards which this Court is empowered to design and implement.  There is nothing improper about the pursuit of an injunction.  Furthermore, there is nothing by way of this filing which can constitute bad faith.  There are less than three weeks left before the election.  Any publication of false and defamatory material would injure Mr. Trakas irreparably by loss of his House seat.  The timing of his matter is appropriate, the substance of this matter is appropriate, and the procedure being utilized by Plaintiff is proper.  Respectfully Plaintiff prays this Court to proceed to a Hearing on this motion at its earliest opportunity.

Respectfully submitted,

/s/ *David J. Horvath*___
David J. Horvath  0055989
7100 E Pleasant Valley Rd.
Suite 110
Independence, OH  44131
216-986-0860
djhorvath@hotmail.com