IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIM TRAKAS, | : |
| | : |
| Plaintiff, | : Case No. 1:18-cv-1798 |
| | : |
| v. | : Judge Donald C. Nugent |
| | : |
| CONSERVATIVE ALLIANCE POLITICAL ACTION COMMITTEE, ET AL., | : |
| | : |
| Defendants. | : |

**DEFENDANT CONSERVATIVE ALLIANCE POLITICAL ACTION COMMITTEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND AN AWARD OF THE ATTORNEYS' FEES INCURRED IN RESPONDING TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendant's Motion for Sanctions should be granted. It is the epitome of bad-faith litigation misconduct for Plaintiff Trakas – a former Ohio House member who is running to regain a seat at the Statehouse – to ask the Court to grant a temporary injunction that would impose a prior restraint on Defendant's free-speech rights in retaliation for Defendant having previously spoken in opposition to his candidacy.

Trakas filed his TRO Motion without any memorandum of law in support. Indeed, there is no law – *zero* – to support a judicially imposed prior restraint on political speech (or any type of speech, for that matter) in advance of a final adjudication by the court that the challenged speech is not protected by the First Amendment. Incredibly, Trakas doubles down by submitting a Reply Brief in which he contends that, theoretically, there *could be* a pre-judgment prior restraint against political speech, or *maybe* there could be if Defendant decides it "ha[s] no real interest" in protecting its rights and "consent[s]" to a gag order. Let's be clear: Although Defendant has no current plans to disseminate further advertisements in this Ohio House contest,

Defendant does not "consent" to the unconstitutional order sought here. And Trakas fails again to cite a single court decision from any court in the country that actually ordered a prior restraint on speech before final adjudication of the speaker's First Amendment rights. Apparently, he hopes this Court will be the trailblazer.

As noted in our combined Motion for Sanctions and Memo Contra to the TRO Motion, the Sixth Circuit observed that "the Supreme Court *has **never** upheld a prior restraint*, even faced with the competing interest of national security or the Sixth Amendment right to a fair trial." Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996) (emphasis added). Trakas has no response to that. We also set forth case law, including from the Sixth Circuit, establishing that courts uniformly strike down laws that permit government officials or agencies to restrain political speech on grounds of alleged untruthfulness. What makes these laws unconstitutional, the Sixth Circuit explained, is that that they "permit[ ] an administrative agency, rather than a court, to make binding determinations regarding the legality of certain forms of speech." Pestrak v. Ohio Elections Comm'n, 926 F.2d 573, 578 (6th Cir. 1991).

Courts hold, likewise, that *temporary injunctions* restraining speech are equally violative of the First Amendment. Rather, if a challenged statement *is adjudicated* to be false and defamatory, a court may enjoin the defendant from republishing the same statement, but "issuing a *preliminary* injunction against speech based on its falsity would create particularly significant risks to the *First Amendment*." Overstreet v. United Brotherhood of Carpenters & Joiners of Am., Local Union No. 1506, 409 F.3d 1199, 1218 (9th Cir. 2005) (italics in original). Trakas fails to direct the Court's attention to a case holding the opposite.

In an attempt to draw the focus away from the total absence of legal support for his TRO Motion, Trakas remarkably asserts that it is "disingenuous" for Defendant to cite cases holding

that administrative prior restraints on political speech are unconstitutional. Yet the three Supreme Court decisions Trakas cites for an argument that this Court should restrain future political speech apply the same analysis, albeit in a context other than political speech, and reach the same result. All three decisions involved government restraints on or censorship of speech based on its sexual content – and in that context, too, the Supreme Court declared that a system of censorship is unconstitutional unless it assures "*a prompt final judicial determination*" of whether the speech is protected by the First Amendment. Southeastern Promotions Ltd. v. Conrad, 420 U.S. 526, 560 (1975) (emphasis added). And in all three cases, the prior restraints *were ruled unconstitutional* because they did not allow for a final judicial determination of the parties' First Amendment rights before a restraint is imposed.[1]

But we need not write a First Amendment treatise here. This is not even a close call. For the reasons set forth above and in our prior briefing, the Court should (1) deny Plaintiff's TRO Motion, and (2) award monetary sanctions to Defendant in the amount of attorney fees incurred in defending against the TRO Motion and bringing this Motion for Award of Attorneys' Fees.

---

[1] See Southeastern, 420 U.S. at 561-62 (holding municipal theater board's vote to deny petitioner's request to stage a musical production in the public forum was unconstitutional because board's process did not provide for prompt final judicial adjudication of board's decision); Freedman v. Maryland, 38 U.S. 51, 58 (1965) (Court struck down state's scheme for the licensing of motion pictures, holding "that, because only a judicial determination in an adversary proceeding ensures the necessary sensitivity to freedom of expression, only a procedure requiring a judicial determination suffices to impose a valid final restraint"); Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 (1963) (Court held unconstitutional a system in which a state commission reviewed publications "tending to the corruption of the youth," and which operated by persuasion and intimidation to suppress speech; the Court noted it has "tolerated such a system only where it operated under judicial superintendence and assured an almost immediate judicial determination of the validity of the restraint").

Respectfully submitted,

/s/ Christopher J. Hogan
Christopher J. Hogan (0079829), Lead Counsel
Marion H. Little, Jr. (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215-6101
Telephone: (614) 365-9900
Facsimile:  (614) 365-7900
hogan@litohio.com
little@litohio.com

Attorneys for Defendant
Conservative Alliance Political Action Committee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 22, 2018, a copy of the foregoing was filed electronically with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

> David Horvath, Esq.
> 7100 E. Pleasant Valley Road, Suite 110
> Independence, OH  44131
>
> Attorney for Plaintiff

/s/ Christopher J. Hogan
Christopher J. Hogan (0079829)

1178-001:781924

4