IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIM TRAKAS | ) | CASE NO.: 1:18-CV-1798 |
| Plaintiff | ) | Judge: Donald C. Nugent |
| v. | ) | |
| CONSERVATIVE ALLIANCE POLITICAL ACTION COMMITTEE, et al. | ) | PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR DOCUMENTS |
| Defendants | ) | |

## INTERROGATORIES

Interrogatory No. 1.    Pursuant to Civil Rule 26, please identify all persons with any information supporting the allegations asserted in your Complaint.

**ANSWER:**
Jeff Longstreth, JPL Associates, 614-378-1107
State Rep. Jamie Callender, Ohio House of Representatives, 30 E. Broad St., Columbus, OH 43215
Sandra Boyd, Probost Academy, 4707 Hilton Corporate Dr., Columbus, OH 43215
David Massa, c/o Probost Academy, 4707 Hilton Corporate Dr., Columbus, OH 43215
Marion Little, Jr., 41 S. High St., Columbus, OH 43215
David Harbarger, 2031 Baxterly Ave., Lakewood, OH 44107
Robert Frost, RPCC, 1228 Euclid Ave., Cleveland, OH 44115
Jim Siegal, c/o Columbus Dispatch, 62 E. Broad St., Columbus, OH 43215
Clifford Rosenberger, address unknown
State Rep. Ryan Smith, Ohio House of Representatives, 30 E. Broad St., Columbus, OH 43215
Brett Buerck, 12854 Kenan Dr., Jacksonville, FL 32258
Nick Everhart, address unknown
P.J. Wenzel, address unknown
Virginia Regan, address unknown
Chris Martin, c/o Conservative Alliance Pac
James Bullock, c/o Prosperity Alliance

**EXHIBIT B**

Interrogatory No. 2.   Identify each person you expect to call as a witness at trial or any hearing in this matter, or reserve the right to call at trial or any hearing in this matter, whether a lay witness or an expert witness, and state the subject matter on which he or she is expected to testify.

**ANSWER:**

**See individuals identified in Interrogatory No. 1.**

Interrogatory No. 3.   State the substance of the facts and opinions as to which each expert witness is expected to testify, a summary of the grounds for each opinion, identify the specific documents and authorities relied upon by such expert in forming each opinion, and state his or her qualifications.

**ANSWER:**

**OBJECTION:** **This Interrogatory is more appropriately the subject of deposition. (See *Penn Central*). It seeks information that is extensive and outside the confines of the Federal Rules of Civil Procedure as it relates to specific interrogatories intended to solicit specific responses. Furthermore, it is over-reaching and over-broad.**

_____
David J. Horvath

Interrogatory No. 4. Describe specifically and in detail the damages you are seeking in this action, including but not limited to, the precise monetary amount and how each item of damage was calculated.

**ANSWER:**

$530,029.00 plus legal fees. The sum is representative of the amount of money Plaintiff has sustained in lost wages from losing the election for the Ohio House of Representatives, the additional pension contributions to the Ohio Public Employees Retirement Service, other incidental benefits, costs of litigation, and the like.

Interrogatory No. 5. Identify with specificity each published statement that you are contending in this lawsuit is false and/or not substantially true. Your response should specify the date and mode of publication of each statement, and the precise words of each such statement within quotation marks.

**ANSWER:**

The Plaintiff would refer Defendant to the statements identified in Plaintiff's Complaint as more than sufficient to satisfy his obligations under this interrogatory. Notwithstanding, television and radio advertising produced by CAPAC between March 29th and May 7th. Without limiting the Plaintiff's right to make further comment, the statements made upon the documents produced pursuant to the Defendant's First Request for Production of Documents contain the defamatory statements which are further identified in the Complaint. Furthermore, and without limiting the Plaintiff's right to supplement his response such allegations include such as: moving "from scam to scam", that the Plaintiff was a "crony" of another politician; that Plaintiff "lined his pockets with

3

taxpayer money"; and other such terms as set forth in these documents are considered to be false, misleading, defamatory, and the contents of which were known to the Defendants to be same.

Interrogatory No. 6. Identify with specificity all facts that support your contention that any statement(s) identified in your response to Interrogatory No. 5 is false and/or not substantially true.

**ANSWER:**

**OBJECTION:** This interrogatory is more appropriately the subject of deposition. (See *Penn Central*). It seeks information that is broad ranging, unidentified, and in some cases speculative in regards to a response to this interrogatory. This interrogatory is also objected to as being overly broad and unduly burdensome.

David J. Horvath

Notwithstanding the forgoing objection, Plaintiff would state that he has never been involved in any "scam" in his life. There is absolutely no evidence to the contrary. Furthermore, Plaintiff can prove that the Columbus Dispatch article of March 5th was distorted and taken out of context in order to defame Plaintiff.

Furthermore, Plaintiff has never improperly taken any money from the State let alone having "lined his (their) pockets". This is absolutely false and there is no evidence to suggest otherwise. The simple fact that no such activity took place is relied upon by Plaintiff. The Defendant's lack of any demonstrable evidence to the contrary obviates any particular recitation of facts as Defendant is asking Plaintiff to "prove a negative".

4

Furthermore, CAPAC truncated many quotations made by Plaintiff to provide the inflammatory and misleading statement in the materials provided: "this is a cash cow ... I am not positive we are educating anybody". This is truly taking words out of context and mashing them together for purpose, that purpose being the maligning of Plaintiff's reputation.

Furthermore, the intimations that Plaintiff may have been the subject of Federal investigations is false and misleading. There is no such evidence to prove this and again this interrogatory seeks to have Plaintiff prove a negative.

Interrogatory No. 7. As to any and all statements identified in your response to Interrogatory No. 5, identify all persons with knowledge of facts that you believe support your contention that the statement is false and/or not substantially true.

**ANSWER:**

David Harbarger, Robert Frost, Jamie Callender, Marion Little, David Massa, Sandra Boyd, Brett Buerck.

Interrogatory No. 8. Identify all persons (other than your attorneys) with whom you have discussed this lawsuit and/or the allegations in this lawsuit.

**ANSWER:**

Plaintiff's spouse and David Harbarger.

Interrogatory No. 9. Identify all business, employment, and/or economic opportunities that you contend were adversely affected and/or lost as a result of the publication of the


statement(s) that you are challenging in this lawsuit. Your answer should include specifics on the "business opportunities" and "employment opportunities" referenced in Paragraph 28 of your Complaint that you contend have been adversely affected.

**ANSWER:**

**Plaintiff has sustained losses in income to his business America OnLine Learning Center after the publication of these materials. Furthermore, Plaintiff has been deprived of his position salary as a State House of Representative in amounts no less than $63,000 per year. Likewise, contributions to OPERS have been lost. Given the likelihood of re-election after the initial two-year term, it is expected that Mr. Trakas would have served three (3) additional two-year terms which would have included cost of living increases. Therefore, lost salary for the four (4) consecutive terms Plaintiff intended on serving are respectively: $126,014, $135,050, $134,727, $139,038. Current retirement benefit losses are subject of ongoing discovery.**

Interrogatory No. 10. If you contend that you suffered a loss of earnings as a result of the published statement(s) that you are challenging in this lawsuit, identify all specific facts that support your contention and itemize, by dollar amount and source, any and all income you claim to have lost as a result.

**ANSWER:**

**Please see the answer to Interrogatory No. 9.**

Interrogatory No. 11. If you contend that your reputation in the community was lowered as a result of the published statement(s) that you are challenging in this lawsuit, identify all the

6

facts that support your contention. In answering this interrogatory, identify each person who has personal knowledge of, and is able to compare, your reputation in the community both before and after publication of the challenged statement(s).

**ANSWER:**

**This is the matter of ongoing discovery and once materials demonstrating this loss of public opinion are procured they will be produced pursuant to Rule and this Court's Orders.**

Interrogatory No. 12. If you contend that your professional or business reputation was adversely affected as a result of the published statement(s) that you are challenging in this lawsuit, identify all the facts that support your contention. In answering this interrogatory, identify each person who has personal knowledge of, and is able to compare, your professional or business reputation both before and after publication of the challenged statement(s).

**ANSWER:**

**OBJECTION: The primary question asked in this interrogatory is the subject of a deposition (see *Penn Central*) and seeks outgoing, unspecified, and unidentified facts. It also is overbroad and over-reaching in terms of its effect and scope.**

*David L. Horvath*

**Notwithstanding the above objection, Plaintiff refers to the above referenced facts, circumstances and averments. Plaintiff would also identify those individuals named in Interrogatory No. 1.**

7

Interrogatory No. 13. If you contend that your political campaign was adversely affected as a result of the published statement(s) that you are challenging in this lawsuit, identify all the facts that support your contention. In answering this interrogatory, identify each person who has personal knowledge of, and is able to compare, your electoral prospects both before and after publication of the challenged statement(s).

**ANSWER:**

**The defamatory statements published by CAPAC were repeated in campaign literature distributed by his opponent. Plaintiff himself spoke with many of the voters within his jurisdiction prior to the election. A shocking percentage of voters made reference to the materials published by CAPAC and how it negatively effected their opinion of Plaintiff. Of those individuals most said they would not vote for him as a sole and singular result of this distribution.**

**Identifying persons familiar with the political process and the deterioration of Plaintiff's reputation the Plaintiff would identify Mr. Longstreth, Mr. Frost, and Mr. Harbarger as persons who are able to testify as to the truth and veracity of statements made by Plaintiff in his Complaint and within these responses.**

## DOCUMENTS REQUESTED

1. Please produce all documents supporting, regarding or relating to the allegation in paragraph 12 of your Complaint that "the Defendant or Defendants through printed, audio, and visual media have intentionally and maliciously published false statements, with knowledge of their falsity or such reckless disregard for their truth, for the purpose of casting hatred, contempt, ridicule, and scorn upon the Plaintiff."

8

**RESPONSE:**

**Please see documents attached.**

2. Please produce all documents supporting, regarding or relating to the allegation in paragraph 13 of your Complaint that "The common design of these false and reckless statements is to defame the Plaintiff and purposefully harm his reputation, as well as his trade or business, and to generally defraud the voting public and otherwise subject him to public contempt or distrust."

**RESPONSE:**

**Please see documents attached.**

3. Please produce all documents supporting, regarding or relating to the allegation in paragraph 21 of your Complaint that "[t]his ad also falsely claimed that on-line learning school to which Plaintiff has an affiliation overbilled the State of Ohio by $800.000."

**RESPONSE:**

**Please dee documents attached.**

4. Please produce all documents supporting, regarding or relating to the allegation in paragraph 25 of your Complaint that "each and every statement published by CAPAC is false, defamatory per se, and actionable at law."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

5. Please produce all documents supporting, regarding or relating to the allegation in paragraph 26 of your Complaint that "there will be positive financial damages incurred by Plaintiff and which have been incurred by Plaintiff through loss of opportunity, tarnished reputation, and the cost of responsive advertisements."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

6. Please produce all documents supporting, regarding or relating to the allegation in paragraph 27 of your Complaint that "[a]s a direct and proximate result these false and defamatory statements being published the Plaintiff has suffered harm to his reputation in the political and business communities."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

7. Please produce all documents supporting, regarding or relating to the allegation in paragraph 30 of your Complaint that "the Defendant or Defendants intentionally and maliciously published false statements with the purpose and intended effect of harming Plaintiff's reputation and good name and in order to defraud voters into voting for his opponents during the elections."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

8. Please produce all documents supporting, regarding or relating to the allegation in paragraph 33 of your Complaint that the "the Defendants maliciously made all of these false statements with the knowledge that they were false and/or with reckless disregard for the truth or falsity of such statements."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

9. Please produce all documents supporting, regarding or relating to the allegation in paragraph 35 of your Complaint that the "these statements had immediate and measurable effect which can be shown through polling numbers."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

10. Please produce all documents supporting, regarding or relating to the allegation in paragraph 37 of your Complaint that "the Plaintiff has sustained damages in having to refute the obviously false and misleading statements and will continue to suffer damages by way of lost business opportunities, and the potential loss of a seat in the Ohio House of Representatives should this pattern of abuse continue."

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

11

11. Please produce all documents regarding or relating to polling in connection with your campaign in the 2018 election.

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

12. Please produce all documents regarding, relating to, or supporting any contention that the statement(s) challenged in this lawsuit caused your political defeat in the 2018 election.

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

13. Please produce all documents regarding or relating to any financial support you and/or your campaign received from Larry Householder in connection with the 2018 election.

**RESPONSE:**

**OBJECTION: Not reasonably calculated to the discovery of admissible evidence.**

*David J. Horvath*

14. Please produce all documents regarding or relating to any in-kind support you and/or your campaign received from Larry Householder in connection with the 2018 election.

**RESPONSE:**

**OBJECTION: Not reasonably calculated to the discovery of admissible evidence.**

*David J. Horvath*

12

15. Please produce all documents memorializing any form of communication between you and Larry Householder in connection with (a) the 2018 election and/or (b) Larry Householder's effort to be elected Speaker of the Ohio House of Representatives from 2016 through the date of your responses.

**RESPONSE:**

**OBJECTION: Not reasonably calculated to the discovery of admissible evidence.**

*David J. Horvath* [signature]

16. Please produce all documents regarding or relating to compensation of any kind received by you from Provost Academy.

**RESPONSE:**

**Please see documents attached.**

17. Please produce all documents supporting any damages you claim to have incurred as a result of the conduct of Defendants.

**RESPONSE:**

**Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.**

18. Please produce all documents regarding, relating to, or supporting any efforts to mitigate your damages.

**RESPONSE:**

Unknown at this time. Will supplement as documents cone in to Plaintiff's possession or become known.