**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIM TRAKAS, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 1:18-cv-1798** |
| | : | |
| v. | : | **Judge Donald C. Nugent** |
| | : | |
| CONSERVATIVE ALLIANCE | : | |
| POLITICAL ACTION COMMITTEE, ET | : | |
| AL., | : | |
| | : | |
| **Defendants.** | : | |

## DECLARATION OF CHRISTOPHER J. HOGAN

I, Christopher J. Hogan, declare under penalty of perjury as follows:

1.      I am lead counsel for Conservative Alliance Political Action Committee ("CAPAC"), the Defendant in this action.

2.      Exhibit 1 to this affidavit contains a true and accurate copy of a notice of record subpoena of Content Creative Media of Columbus, Ohio, that was served on me on June 7, 2019. The President of Content Creative Media, Nick Everhart, produced documents in response to the subpoena, which were served upon Plaintiff's counsel through my firm.

3.      Exhibit 2 to this affidavit contains a true and accurate copy of CA PAC's Responses to Plaintiff's First Set of Interrogatories.  As stated in the certificate of service, these were served on Plaintiff's counsel on March 15, 2019.

4.      I declare under penalty of perjury that the foregoing is true and correct and based upon my personal knowledge.

Executed on December ⎵⎵, 2019.

_____
Christopher J. Hogan

1178-001:840626

**EXHIBIT**

**A**

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

JIM TRAKAS                                      )        CASE NO: 1:18 CV 1798
                                                )
      PLAINTIFF                          )        JUDGE:  Donald Nugent
                                                )
vs.                                             )        **NOTICE OF ISSUANCE OF**
                                                )        **SUBPOENA**
CONSERVATIVE ALLIANCE                           )
POLITICAL ACTION COMMITTEE, et al )
                                                )
      DEFENDANTS                         )
                                                )

Now comes the Plaintiff, and by and through the undersigned counsel, and does hereby

give notice of the issuance of subpoenas upon Content Creative Media of Columbus, Ohio and

Ring Ltd. of Toledo, Ohio.  A copy of the subpoena to be issued is attached hereto pursuant to

Federal Rule of Civil Procedure 45(a)(4).

Respectfully submitted,

/s/ David J. Horvath
David J. Horvath  0055989
7100 E Pleasant Valley Rd.
Suite 110
Independence, OH  44131
216-986-0860
djhorvath@hotmail.com

**SERVICE**
    A true and accurate copy of this Notice of Subpoena along with a copy of said subpoena
duces tecum has been served upon Christopher J. Hogan this 7th day of June, 2019 by way of
email at: Hogan@litohio.com.

/s/ David J. Horvath

**EXHIBIT**

**1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

JIM TRAKAS

|  |  |
|---|---|
| _Plaintiff_ | ) |
| v. | ) |
| CONSERVATIVE ALLIAMCE POLITICAL ACTION COMMITTEE, et al. | ) |
| _Defendant_ | ) |

Civil Action No.  1:18-CV-1798

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
CONTENT CREATIVE MEDIA
1351 KING AVE., 2ND FLOOR, COLUMBUS, OH 43212

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Attorney David J. Horvath, 7100 E. Pleasant Valley Rd., #110, Independence, OH 44131 OR provide verified copies of documents pursuant to Duces Tecum attached. | Date and Time: June 21, 2019 at 10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  *5-6-19*

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Jim Trakas, Plaintiff
_____ , who issues or requests this subpoena, are:

David Horvath, 7100 E. Pleasant Valley Rd., #110. Independence, OH 44131; djhorvath@hotmail.com; 216-986-0860

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-1798

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DUCES TECUM

This Subpoena is intended to obtain copies of any and all information used in a particular ad campaign or other such associated marketing activities that involved James P. Trakas during an election in 2018. Your firm had provided certain services in regards to an ad campaign which was associated with the Conservative Alliance Political Action Committee and/or its associated entities. Consequently, this duces tecum is directed to obtain copies of any and all information retained by you as it pertains to the production of any television or radio advertisements as well as any production of physical advertisements.

You are to produce for inspection and copying the materials requested hereunder. You may also produce these materials electronically to djhorvath@hotmail.com. You may also produce them by way of DVD or thumb drive at your option. If there is any issue with the date of the production please contact the requester immediately.

The documents requested include any and all communications, written, electronic, or otherwise reduced to any writing or document between you and any third party during the period of 1/1/2018 through 12/31/2018 which in any way relate to or involve James P. Trakas aka Jim Trakas. You are also to produce any and all documents in the form of television ads, radio ads, scripts for telephonic communications, or any and all other documents generally considered "work product" that were resultant from any activity of you coming your employees, agents, directors, and attorneys. Please produce copies of each and every television ad, radio ad, or telephone survey produced by you which in any way relates to James P. Trakas. Please produce copies of any and all hand written notes, schedules, or communications between you and any third party which in any way relate to James P. Trakas during the period of 1/1/2018 through 12/31/2018.

You are also to supply any electronically stored information in your possession which in any way relates to James P. Trakas aka Jim Trakas. This shall include pictures, jpegs, GIFs, Mwave type files and any and other electronically stored information which relates to or contains images of or statements pertaining to James P. Trakas aka Jim Trakas. You are also to produce contracts between you and the Conservative Alliance Political Action Committee or any and all third parties which in any way relate to the work product issued above or any of the documents requested herein.

You and/or yours shall at all times include the subject of the subpoena Content Creative Media, as well as any controlling shareholder, officer, member, or director of the party being subpoenaed.

Ad or advertisement shall be most liberally construed to mean any communication which was used in 2018 and which referenced James P. Trakas aka Jim Trakas and his campaign to run for the Ohio House of Representatives. Ad or advertisement shall be written media, electronic media, telephone media, radio media, and any and all other forms of communication which you either participated in, created content for, provided guidance in, or otherwise created on behalf of any third party for use in television, radio, or mail or telephone communications.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JIM TRAKAS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 1:18-cv-1798** |
| | : | |
| **v.** | : | **Judge Donald C. Nugent** |
| | : | |
| **CONSERVATIVE ALLIANCE** | : | |
| **POLITICAL ACTION COMMITTEE, ET** | : | |
| **AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT CONSERVATIVE ALLIANCE POLITICAL ACTION COMMITTEE'S**
**RESPONSES TO  PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Conservative Alliance Political Action Committee ("CAPAC" or "Defendant"), hereby responds to Plaintiff's First Set of Interrogatories.

**GENERAL RESPONSES AND OBJECTIONS**

Defendant reserves all proper objections to the materiality, relevance and/or admissibility of the subject matter of the responses provided to Plaintiff's requests.  All responses and answers herein are made on the express reservation of the general objections set forth below as well as the objections listed in the individual responses.  The fact that Defendant chooses to respond to a request subject to such objections is not, and cannot be considered, a waiver of such objections.

1.      Defendant objects generally to Plaintiff's definitions and instructions to the extent that they impose obligations that exceed the requirements set forth in the Federal Rules of Civil Procedure.

```
EXHIBIT

2
```

2.     Defendant objects generally to Plaintiff's requests to the extent that they seek information that is not relevant to any party's claim or defense and not proportional to the needs of the case.

3.     Defendant objects generally to Plaintiff's requests to the extent that they seek confidential communications with counsel or information or documents created or prepared in anticipation of litigation or for trial on the grounds that such information and/or documents are protected by the attorney-client privilege and/or the work product doctrine.  Defendant also objects generally to Plaintiff's instructions regarding the handling of privileged documents and/or information on the grounds that such instructions are contradictory, overlapping and beyond the scope of what is required by the Federal Rules of Civil Procedure.

4.     Defendant objects generally to Plaintiff's requests to the extent that they overlap and purport to require the same responses in response to more than one request.

5.     Defendant states that these responses to Plaintiff's requests are based upon information known or believed to be true at the time of these responses.  Defendant expressly reserves the right to amend these responses if it learns of new information applicable thereto through discovery, or otherwise, and it will supplement these responses to the extent required under the Federal Rules of Civil Procedure.  Accordingly, these discovery responses are necessarily preliminary in nature, and Defendant expressly reserves the right to supplement the responses at a later date.

6.     Defendant's statements that documents are being or will be produced pursuant to a specific request refer only to those non-privileged documents that are not excluded by any stated objection.

Subject to the foregoing General Objections, which are specifically incorporated into each of the following responses, Defendant responds as follows to Plaintiff's First Set of Interrogatories.

## ANSWERS TO INTERROGATORIES

Interrogatory No. 1.   Please identify by name, current mailing address, and telephone number, each and every person assisting in the answering of these interrogatories excepting representing counsel.

**ANSWER:**  Chris Marston, Treasurer.

Interrogatory No. 2.   Please identify by name, current mailing address, and telephone number, each officer, director, or member of the conservative alliance political action committee for the period of 1-1-2016 through the present.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, which is focused on specific, allegedly defamatory statements.   ..

Interrogatory No. 3.   Please identify each and every source of revenue and/or funding for the Defendants' operations including but not limited to the production of advertising, production of any materials related to any political candidate or campaign, business activities, campaign contributions or any other general works or business of the Defendants during calendar years 2017 and 2018.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request seeks information that not relevant to any party's claim or defense and not proportional to the needs of the case, which is focused on specific, allegedly defamatory statements, and is information protected by the First Amendment.

<u>Interrogatory No. 4.</u>   In regards to the attached exhibits, please identify the source of information (whether it be a person, printed material, or otherwise) upon which You, or any of Your employees, agents, consultants or related persons relied upon in referring to the Plaintiff as "shameful".

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous.  Defendant further objects that the inquiry involves an opinion for which no specific source or basis is required.

Without waiving the foregoing objections, and presuming the request to refer to the mailer advertisement headlined "Jim Trakas describing his for-profit online charter school," a copy of which was e-mailed by counsel on March 7, 2019, Defendant's opinion is supported by reports from the news media regarding Provost Academy, the online charter school of which Trakas was chairman of the board, and specifically, the report cited in the advertisement, which is headlined "Online charter school under scrutiny had cloudy relationship between operator, board," The Columbus Dispatch, March 5, 2016.  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

<u>Interrogatory No. 5.</u>   In regards to the attached exhibits, please identify the source of information (whether it be a person, printed material, or otherwise) upon which You or any of Your employees, agents, consultants or related persons relied in making the claim that Plaintiff was "enriching himself at our kids expense".

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous;

Without waiving the foregoing objections, and presuming the request to refer to the mailer advertisement headlined "Jim Trakas describing his for-profit online charter school," a copy of which was e-mailed by counsel on March 7, 2019, CAPAC relied on reports from the news media, specifically the report cited in the advertisement, which is headlined "Online charter school under scrutiny had cloudy relationship between operator, board," The Columbus Dispatch, March 5, 2016, and the fact that, at minimum, Trakas was compensated as a board member of Provost.  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III

4

reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

Interrogatory No. 6.  In regards to the attached exhibits, please identify the source of information (whether it be a person, printed material, or otherwise) upon which You or any of Your employees, agents, consultants or related persons relied in publishing the statement "$800,000 of your tax dollars lining his pockets."

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the premise of the request is wrong because it quotes the subject advertisement incorrectly (the advertisement states, among other things, "800,000 of your tax dollars lining _their_ pockets."  (Emphasis added.)

Without waiving the foregoing objections, and presuming the request to refer to the mailer advertisement headlined "Jim Trakas describing his for-profit online charter school," a copy of which was e-mailed by counsel on March 7, 2019, CAPAC relied on reports from the news media, specifically the report cited in the advertisement, which is headlined "Online charter school under scrutiny had cloudy relationship between operator, board," The Columbus Dispatch, March 5, 2016, as listed on the subject advertisement, for the statement "800,000 of your tax dollars lining their pockets," which referred to the school and its operator.  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

Interrogatory No. 7.  Please identify the source of information upon which You or any of Your employees, agents, consultants or related persons relied in publishing the statement that a "former Ohio speaker was taking illegal kickbacks".

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the premise of the request is wrong because it quotes the subject advertisement incorrectly (the advertisement that is apparently referred to in this request states, among other things, "Jim Trakas' campaign is being backed by the corrupt former Ohio Speaker who _was investigated for_ taking illegal kickbacks and who was investigated by the Feds … ." (Emphasis added.)

Without waiving the foregoing objections, and understanding the request to refer to the mailer advertisement headlined "Pssst… Here's a Little Secret About Taxin' Jim Trakas," a copy of which was attached as an exhibit to the Complaint, CAPAC relied on reports from the news media, specifically the reports cited in the advertisement and listed below, for the statement "Jim Trakas' campaign is being backed by the corrupt former Ohio Speaker who was investigated for taking illegal kickbacks and who was investigated by the Feds … ."  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

1) "Memo charges Householder took kickbacks," The (Cleveland) Plain Dealer, March 10, 2004

2) "Feds target Ohio speaker's campaign; Subpoenas hit vendors who work for House Republicans, ex-director of state GOP," The (Cleveland) Plain Dealer, May 22, 2004

Interrogatory No. 8.  Please identify the facts upon which You or any of Your employees, agents, consultants or related persons relied in making/publishing the statement that Plaintiff is guilty of "scamming".

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) to the extent that the term is characterized as a "statement," the request is misleading; and (c) the premise of the request is wrong because it quotes the subject advertisement incorrectly (the advertisement that is apparently referred to in this request states, among other things, "Jim Trakas' secret is out: He scammed us before, now he wants to do it again," referencing tax increases).  Defendant further objects to this Interrogatory because it suggests use of the term "guilt" or "guilty," when, in fact, no such term was used.

Without waiving the foregoing objections, and understanding the request to refer to the mailer advertisement headlined "Pssst… Here's a Little Secret About Taxin' Jim Trakas," a copy of which was attached as an exhibit to the Complaint, use of the word *scammed* in the phrase "he scammed us" in context of the subject matter of the advertisement is an opinion and relates to the statement referenced in the mailer that Trakas "officially pledged to never raise taxes, BUT he did!  He raised taxes on gas and fees for licenses and registrations by $577 Million and raised the sales tax by 20%.  Taxin' Trakas wasn't done until he increased taxes by more than $3 billion."  The opinion is supported by Trakas' votes in favor of tax increases contained in HB 87 (2003) and HB 95 (2003), which were cited in the advertisement and which were the subject of extensive news coverage at the time of enactment.  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

6

<u>Interrogatory No. 9.</u>  Please identify the facts upon which You or any of Your employees, agents, consultants or related persons relied in publishing the statement that Plaintiff a "crony" of House Member Larry Householder.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) to the extent that the term is characterized as a "statement," the request is misleading.  Defendant further objects that the inquiry involves an opinion for which no specific source or basis is required.

Without waiving the foregoing objections, and understanding the request to refer to the mailer advertisement headlined "Politician Jim Trakas is being propped up by a career political insider from Columbus …," a copy of which was e-mailed by counsel on March 7, 2019, the term "crony" is an opinion and is based on information generally known in political circles and reported in the news media concerning Trakas' association with Householder dating back to when Householder was first speaker of the Ohio House, as well as news reports leading up to the 2018 election, both before and after the primary, such as those listed below.  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

1) "Behind-the-scenes fight over next Ohio House speaker looms over still-forming state legislative races," The (Cleveland) Plain Dealer, December 21, 2017

2) "FirstEnergy PAC writes big checks to House speaker hopeful Larry Householder, campaign allies," The (Cleveland) Plain Dealer, April 20, 2018

3) Larry Householder's changes for House speaker improve after legislative primary victories," The (Cleveland) Plain Dealer, May 8, 2018

<u>Interrogatory No. 10.</u>  Please identify any facts or information upon which You or any of Your employees, agents, consultants or related persons rely in making/publishing the statement or intimation that Larry Householder was under investigation by the FBI. For reference the statement made in the attached materials is "but just like Hilary Clinton the FBI let him off the hook". This interrogatory is meant to obtain information relied upon by any of the Defendants,

7

their officers and directors, in making this statement which eludes to an FBI investigation of

Larry Householder.

    **ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous.

    Without waiving the foregoing objections, and understanding the request to refer to the mailer advertisement headlined "Politician Jim Trakas is being propped up by a career political insider from Columbus …," a copy of which was e-mailed by counsel on March 7, 2019, CAPAC relied on reports from the news media, including reports listed below, for the statement "Former Ohio House Speaker Larry Householder was under investigation by the FBI for taking kickbacks and illegally pocketing campaign contributions.  But just like Hillary Clinton, the FBI let him off the hook."  Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

    1)  "Memo charges Householder took kickbacks," The (Cleveland) Plain Dealer, March 10, 2004

    2)  "Feds target Ohio speaker's campaign; Subpoenas hit vendors who work for House Republicans, ex-director of state GOP," The (Cleveland) Plain Dealer, May 22, 2004

    3)  "Larry Householder returns 2 big-dollar donations that broke state rules," Cincinnati Enquirer, August 4, 2017

    4)  "House speaker's bank data subpoenaed," The (Cleveland) Plain Dealer, August 3, 2004

    5)  "Householder probe seizes computers; U.S. investigators take tech chief's data," The (Cleveland) Plain Dealer, June 4, 2005

    <u>Interrogatory No. 11.</u>  Please identify each and every fact You or any of Your employees, agents, consultants or related persons relied upon in referring to as or calling Larry Householder "corrupt".

    **ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the request is overbroad and unduly burdensome on its face because, by its

terms, it asks for an exhaustive narrative account of "every fact" concerning this subject; see Williams v. Sprint/United Mgmt. Co., 235 F.R.D. 494, 502 (D. Kan. 2006) (an interrogatory "is overly broad to the extent that it asks for 'every fact' that supports an identified allegation or claim. … Interrogatories should not require the answering party to provide a narrative account [of the case]."); Ross v. Abercrombie & Fitch Co., 2010 WL 518169, *1 (S.D. Ohio, Feb. 4, 2010) (denying motion to compel, court saw "no value" in serving interrogatories before depositions are held seeking "the facts" a party intended to use to prove elements of its case); County of Suffolk v. LILCO, 1988 WL 69759, at *1 (E.D.N.Y., June 13, 1988) (court denied motion to compel, observing "it is futile" to compel party to answer interrogatories "requiring a recitation of all facts and documents" that support its allegations before document discovery and depositions are conducted); Lucero v. Valdez, 240 F.R.D. 591, 594-95 (D.N.M. 2007) (party is not required to provide "every evidentiary fact" in support of a claim or defense). Defendant further objects that the inquiry involves an opinion for which no specific source or basis is required.

Without waiving the foregoing objections, and understanding the request to refer to the mailer advertisement headlined "Politician Jim Trakas is being propped up by a career political insider from Columbus …," which referred to "corrupt Larry Householder," a copy of which was e-mailed by counsel on March 7, 2019, the term "corrupt" is an opinion. The opinion is supported by reports from the news media, including the reports listed below. Also, before the ad was publicly disseminated, Attorney James E. Tyrrell III reviewed the ad, comparing it with news articles and other publicly available information that was used as source materials for the ads.

1) "Memo charges Householder took kickbacks," The (Cleveland) Plain Dealer, March 10, 2004

2) "Feds target Ohio speaker's campaign; Subpoenas hit vendors who work for House Republicans, ex-director of state GOP," The (Cleveland) Plain Dealer, May 22, 2004

3) "Accusations Flying In Perry County Auditor's Office," The Columbus Dispatch, February 4, 2007.

4) Bar Work On Taxpayers' Time," The Columbus Dispatch, May 18, 2006

5) Public Employees Used On Private Job," The Plain Dealer, May 17, 2006

Interrogatory No. 12. In regards to the attached exhibits, please identify the media company, companies, or production or distribution company used by You for the distribution, production, and circulation of these exhibits in Northern Ohio

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.

Without waiving the foregoing objections, the production company that prepared the ads was the Stoneridge Group; 4400 North Point Parkway, Suite 190; Alpharetta, Ga.  30022.  The ads were distributed by the Stoneridge Group and Mailworks, Inc., via U.S. Mail.

Interrogatory No. 13.  Please identify each person responsible for the factual content of each of the attached exhibits. This interrogatory is designed to obtain information about the identity of any and all persons involved in the production of these exhibits or otherwise providing information which led to the statements made on the face of these exhibits. This would include anyone individual as well as the name of companies or firms, and everyone contracted with to provide "opposition research," creative talent for print, digital, radio, television advertisements which realte in any way to Plaintiff and/or his political campaigns.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the request is overbroad, unduly burdensome, and vague and ambiguous, with respect to "the identity of any and all persons involved in the production of these exhibits" (which are not attached) and "everyone contracted with to provide 'opposition research,' creative talent for print, digital, radio, television advertisements which relate in any way to Plaintiff and/or his political campaigns"; (b) a request to identify every person who assisted or was involved in assisted in a process is overbroad and unduly burdensome on its face; see, e.g., Tax Track Sys., Corp. v. New Investor World, Inc., 2002 WL 31473818, at *14 (N.D. Ill., Nov. 4, 2002) (an interrogatory which demands that the responding party "identify every individual" who has knowledge or of connection to a subject is overbroad on its face); and (c) the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, inasmuch as liability for the content of a published statement does not extend to everyone who was in any way conceivably "involved" in the preparation of the published content, or the distribution, and/or the dissemination of the content.

Without waiving the foregoing general and specific objections, to produce the challenged advertisements, CAPAC engaged a third-party vendor, the Stoneridge Group, based in Georgia, which developed the ads in reliance on official information and news reports including those referenced in responses to Interrogatory Nos. 1-2 and 18. CAPAC has no reason to believe the information used was inaccurate.  Also, before the ads were publicly disseminated,

Attorney James E. Tyrrell III reviewed the ads, comparing them with news articles and other publicly available information that was used as source materials for the ads.

Interrogatory No. 14.  Please identify the specific source of third-party funds provided to the Defendants for the production and distribution of the attached exhibits.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, which is focused on specific allegedly defamatory statements.  Defendant further objects that such information is protected from disclosure under the First Amendment.

Interrogatory No. 15.  Please identify by name, current mailing address, and telephone number of each individual or entity who engaged Your services (Defendants business activities) for the production and distribution of the attached exhibits.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, which is focused on specific allegedly defamatory statements by Defendant.  .

Interrogatory No. 16.  Please identify each and every individual, by name, address, and telephone number, employed by the Defendants to verify the truth and accuracy of the statements contained in the attached exhibits.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that there were no exhibits attached to the interrogatories that were served and the advertisement(s) referred to in this request is otherwise not identified.

Without waiving the foregoing general and specific objections, the following were involved in verifying the truth and accuracy of the statements contained in the advertisements attached to the Complaint:

Attorney James E. Tyrrell III, Venable, LLP
c/o Zeiger, Tigges & Little, LLP
3500 Huntington Center

41 South High Street
Columbus, Ohio 43215-6101
Telephone: (614) 365-9900

The Stoneridge Group
4400 North Point Parkway, Suite 190
Alpharetta, Ga.  30022

**Interrogatory No. 17.**  Please provide all facts know to You which support allegations and intimations that school children in Ohio have in any way been damaged by the Plaintiff's activities.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous; and (b) the request does not identify a actual published "statement" and is therefore vague and ambiguous.  Further, it is unclear and vague as to what is meant by "damaged" inasmuch as that is not a term used in the referenced advertisements.  Subject to and without waiving the foregoing General and Specific Objections, see responses to prior Interrogatories regarding specific advertisements attached to the Complaint.

**Interrogatory No. 18.**  In regards to the attached exhibits, please explain or provide the facts which support your contention that "our kids were left with hopelessness in their education" due to the Plaintiff's actions or inactions.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the definition assigned by Plaintiff to the terms "You" and "Your" render this Request (i) overly broad and unduly burdensome, and (ii) vague and ambiguous.

Without waiving the foregoing general and specific objections, and presuming the request to refer to the mailer advertisement headlined "Jim Trakas describing his for-profit online charter school," a copy of which was attached to the Complaint, the reference to "our kids were left with hopelessness in their education," in context of the subject matter of the advertisement, is an opinion.  The opinion is supported by reports from the news media regarding Provost Academy, the online charter school of which Trakas was chairman of the board, specifically the report cited in the advertisement, which is headlined "Online charter school under scrutiny had cloudy relationship between operator, board," The Columbus Dispatch, March 5, 2016, as listed on the subject advertisement.  The Dispatch report reads in part as follows:

12

At a Cleveland restaurant in June, Jim Trakas, then-chairman of the board of online charter school Provost Academy, expressed surprise at what he was being told.

The woman eating lunch with him, then a top official with Provost, described a slew of problems, particularly with its for-profit operator, EdisonLearning.  *They included not enough special-education teachers, too few teachers certified in Ohio as high quality, software that poorly tracked student attendance, trouble with special-education reports, questions about financial reports and concerns about fees and other money paid to Edison.*

The meeting occurred in the midst of a state audit of Provost's enrollment and attendance, the biggest factors in determining how much state money a school receives.  Not long after the lunch meeting, the state determined that the school, based on its own records – or lack thereof – was overpaid by roughly 80 percent and owed the state about $800,000.

"I'm used to things being fouled up but nothing like this. I don't even know where to start," Trakas told the woman, according to a recording of the luncheon.  It was part of the material turned over to the attorney general's office as Provost appealed the state's effort to recoup money it said was overpaid to the school.

"It seems to me this is a cash cow," Trakas, a former state lawmaker, said of Edison's operation of Provost.  "That is bothering the crap out of me because I'm not positive we're educating anybody.

*        *        *

Trakas, who left the board in late 2015 after being elected to Independence City Council, declined to comment other than to say he was unaware he was being recorded at the lunch.

[(Emphasis added).]

Interrogatory No. 19.  To the extent not identified above, please identify by name, address, and telephone number each and every individual who has knowledge or information the facts or circumstances which give rise to the Plaintiff claims or the Defendants' respective defenses in this lawsuit.

13

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that (a) the request is overbroad, unduly burdensome, and vague and ambiguous, inasmuch as it is impossible for Defendant to identify "each and every individual" who has knowledge of the "facts or circumstances which give rise" to the claims and defenses in this case, as the allegations asserted in the Complaint relate to the advertisements that were disseminated to the public, and Plaintiff's allegations concerning alleged harm to his reputation and business and political opportunities are not within Defendant's knowledge.

Without waiving the foregoing general and specific objections, and without limitation, Defendant and Plaintiff have knowledge pertaining to the allegations in the complaint and responses/defenses contained in the answer.

Interrogatory No. 20.  Please identify each and every accounting firm or accountant used by, retained by, or otherwise contracted by any of the Defendants for the time period of 2016 through 2017.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, which is focused on specific allegedly defamatory statements.

Interrogatory No. 21.  Please identify each and every state which Defendants has made filings or registrations as a political action committee.

**ANSWER:**  Ohio and Oklahoma.

Interrogatory No. 22.  Please identify each and every lay witness You intend to use at trial.

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this request on grounds (a) it seeks attorney work product materials; (b) Defendant has not yet determined which individuals may be called to testify at trial; and (c) the request is premature in that no cutoff date has for witness disclosures has been set by the Court.

Without waiving the foregoing general and specific objections, Defendant reserves the right to identify witnesses in compliance with local rules, court orders, and/or any other applicable schedule.

Further answering, Defendant reserves the right to call Plaintiff as a lay witness who will testify on subjects including the basis for his claims asserted and damages sought in this case.

Defendant reserves the right to call its own representative(s), including Chris Marston, Treasurer, as necessary.

Defendant reserves the right to call Attorney James E. Tyrrell III, Venable, LLP.

Defendant reserves the right to call representatives of the newspapers and other media outlets whose news reports were relied upon in the preparation of the challenged advertising statements; and representatives of and/or investigators from any government agency whose investigations of were the subject of the news reports that were relied upon.

Defendant additionally reserves the right: to identify and call an expert witness, or witnesses, as necessary (and to provide disclosures consistent with the Court's scheduling order); to call any person identified or referred to in any deposition or discovery response; to call any person needed to authenticate or describe any documents; and to call all witnesses identified by Plaintiff in this action, by way of either initial disclosure of witnesses, supplemental disclosures of witnesses, or any interrogatory response.

Defendant reserves the right to supplement this Interrogatory response.

Interrogatory No. 23. Please identify each and every fact upon which You relied in making the statement in Your notice of removal that a "fair reading of Plaintiff's Complaint reveals that if Plaintiff is successful his total damages would exceed $75,000".

**ANSWER:** The statement in the Notice of Removal was based on the allegations in Plaintiff's Complaint. As stated in the Notice of Removal:

> The jurisdictional amount is satisfied because a "fair reading of [Plaintiff's] complaint" reveals that, if Plaintiff is successful, his total damages would exceed $75,000. Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 573 (6th Cir. 2001). For purposes of establishing jurisdiction in state court, Plaintiff pleaded that his compensatory damages are "in excess of $25,000," and he placed no cap on the amount of compensatory damages sought. Plaintiff also seeks punitive damages and attorney fees. The $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332(a) includes all damages a plaintiff can arguably recover under state law, and "[a]s long as "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." McMahon v. Alternative Claims Service, Inc., 521 F. Supp. 2d 656, 660 (N.D. Ohio 2007). This amount includes punitive damages, see id., and attorney fees, see, e.g., Davis v. Kindred

15

Nursing Centers East, LLC, 2006 U.S. Dist. LEXIS 11425, at *7 (S.D. Ohio Mar. 2, 2006).

**Interrogatory No. 24.**   Do any of the Defendants have any ownership or equitable interest in the company known as Prosperity Alliance, Inc.: a Virginia corporation?

**ANSWER:**   In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request: (a) is vague and ambiguous with respect to the meaning Plaintiff attaches to the term "equitable interest"; and (b) seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and interpreting the term "equitable interest" to mean ownership, the answer is no.

**Interrogatory No. 25.**   Is there any commonality in management or control between Defendants and Prosperity Alliance, Inc. a Virginia corporation?

**ANSWER:**   In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request: (a) is vague and ambiguous with respect to the meaning Plaintiff attaches to the terms "commonality" and "control"; and (b) seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

Without waiving the foregoing general and specific objections, and interpreting the meaning of "commonality in management or control" as referring to the exercise of authority to direct a person's activities, the answer is no.

**Interrogatory No. 26.**   Please identify the person or persons employed by Prosperity Alliance, Inc., a Virginia corporation, who had either provided funding or information for the creation and circulation of the attached exhibits.

**ANSWER:**   In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case.

Without waiving the foregoing general and specific objections, the answer is there are none.

Interrogatory No. 27.   Who hired You to create and distribute the attached campaign materials referencing Jim Trakas during 2018?

**ANSWER:**  In addition to the General Objections stated above, Defendant objects to this Request on the additional grounds that: (a) the request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case; and (b) the request is vague and ambiguous with respect to the meaning Plaintiff attaches to the term "hired."

Without waiving the foregoing general and specific objections, and interpreting the term in its ordinary sense, the answer is that CA PAC was not hired to create the challenged advertisements.

As to objections,

/s/ Christopher J. Hogan
Christopher J. Hogan (0079829), Lead Counsel
Marion H. Little, Jr. (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215-6101
Telephone: (614) 365-9900
Facsimile:  (614) 365-7900
little@litohio.com
hogan@litohio.com

Attorneys for Defendant
Conservative Alliance Political Action Committee

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2019, a copy of the foregoing was served pursuant via e-mail upon the following:

David Horvath, Esq.
7100 E. Pleasant Valley Road, Suite 110
Independence, OH  44131

Attorney for Plaintiff

/s/ Christopher J. Hogan
Christopher J. Hogan (0079829)

1178-001:7968809

18