IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIM TRAKAS, | ) | CASE NO. 1:18 CV 1798 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| CONSERVATIVE ALLIANCE POLITICAL ACTION COMMITTEE, et al., | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Conservative Alliance Political Action Committee ("CAPAC"). (Docket #25.)

I.  **Factual and Procedural Background.**[1]

On July 24, 2018, Plaintiff, Jim Trakas, filed his Complaint against CAPAC, in the Cuyahoga County Court of Common Pleas, Case No. CV 18 901127, asserting claims for Defamation and Injunctive Relief. On August 3, 2018, CAPAC removed the case to this Court. Mr. Trakas alleges that CAPAC intentionally and maliciously published false campaign

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

advertisements regarding Mr. Trakas with the purpose and intended effect of harming his reputation and good name in order to defraud voters into voting for his opponents during elections in 2018.

CAPAC filed its Motion for Summary Judgment on November 1, 2019. (Docket #25.) CAPAC argues (1) that opinions expressed in the advertisements are not actionable because statements of opinion, expressed during an election, are constitutionally protected speech, and argues that the Court should interpret certain statements in each of the advertisements at issue to be opinion rather than fact; (2) that factual statements made in the challenged ads are not actionable because they are true or substantially true, and argues that the Court should interpret certain statements in each of the advertisements as being true or substantially true; (3) that even if any of the statements made in the ads were "inaccurate," they are still protected speech because as a public figure, Mr. Trakas is required to prove CAPAC acted with malice in publishing the statements and has failed to do so; and, (4) that Mr. Trakas has failed to allege damages proximately caused by the alleged defamatory statements.

Mr. Trakas filed his Brief in Response on December 2, 2019. (Docket #27.) Mr. Trakas argues that the statements made by CAPAC were clear, issued as statements of fact and are defamatory on their face, falsely indicating that Mr. Trakas was involved in certain deceitful and/or criminal activity and was closely involved with others who were investigated for criminal activity. Mr. Trakas points to evidence that CAPAC was aware of the falsity of the statements made and argues that the statements constitute "personal attacks and not statements of opinion and they were made with actual malice and intent to damage his reputation." CAPAC filed a Reply Brief on December 13, 2019, in large part reiterating the arguments raised in its summary

judgment motion. (Docket #28.)

## II. Standard of Review.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover,

if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Conclusion.

The Court has thoroughly and exhaustively reviewed the Briefs submitted by the Parties, along with the Affidavits submitted in support thereof. Genuine issues of material fact persist which may be reasonably resolved in favor of either party and can only be resolved by a jury, precluding summary judgment in this case. Accordingly, the Motion for Summary Judgment filed by Defendant, Conservative Alliance Political Action Committee (Docket #25) is hereby DENIED.

Trial remains set for March 23, 2020 at 8:30 a.m.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: January 27, 2020